# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELO DECARO
    *Plaintiff*

v.

TRANSPORTATION SECURITY
ADMINISTRATION
    *Defendant*        **JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

### I. PARTIES

1. Plaintiff, Angelo DeCaro, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing there in 33 Mitchell Avenue, Runnemede, NJ 08078.

2. Defendant, Transportation Security Administration, was and is now an agency of the executive branch of the United States federal government, with headquarters located at 6595 Springfield Center Drive, Springfield, VA 20598-6002

### II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by virtue of 39 U.S.C. § 409.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions given rise to the within claims occurred within the District.

### III. STATEMENT OF CLAIMS

5. At all times relevant hereto, Defendant, Transportation Security Administration, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

6. At all times relevant hereto, the defendant, TSA officers conducting the search of

Plaintiff were investigative or law enforcement officers pursuant to 28 U.S.C. § 2680(h).

7. The claims set forth herein fall within the exceptions to Federal Tort Claims Act pursuant to 28 U.S.C. §2680 (a)(e) and/or (h).

8. On or about March 14, 2023, plaintiff, Angelo Decaro, was lawfully on the Premises of Philadelphia International Airport located at 8000 Essington Avenue, Philadelphia, PA.

9. At that time, he was attempting to board a flight with Spirit Airlines (PHL-FLL) from Philadelphia to Fort Lauderdale-Hollywood International Airport departing at 5:45am.

10. As he entered the Transportation Security Administration security checkpoint at the Philadelphia International Airport, a TSA agent forced him to remove his left knee brace despite Plaintiff previously advising the agent of his injury. The agent required Plaintiff to apply weight to his knee which caused further injury to his knee.

11. The TSA agents also were overly aggressive and abusive in their search of Plaintiff causing him to sustain testicular injuries and lower back injuries.

12. The incident and resulting injuries were caused by the actions/inactions of Defendant and plaintiff brings this action to recover against them.

## COUNT I - NEGLIGENCE

## ANGELO DECARO V. TRANSPORATION SECURITY ADMINISTRATION

13. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

14. The accident was caused exclusively and solely by the Defendant's negligence, in that:

    (a) Defendant caused or permitted the incident to occur knowing that Plaintiff

was in a frail medical condition and Defendants conduct caused further injury to Plaintiff;

(b) Defendant failed to conduct a reasonable search given Plaintiff's pre-existing medical conditions and failed to use care to prevent further injuries to Plaintiff;

(c) Defendant failed to make reasonable efforts or make reasonable accommodations for Plaintiff given his injuries and disabilities;

(d) Defendant failed to make reasonable efforts to accomplish their objectives without causing severe injury to Plaintiff.

(e) Defendant failed to exercise reasonable prudence and due care to keep Plaintiff safe from injury.

(f) Defendant failed to appreciate the danger of their aforementioned actions and the reasonable likelihood that they would cause injury to Plaintiff.

(g) Defendant failed to warn the Plaintiff of their intention to aggressively search Plaintiff with known medical conditions so reasonable accommodations could be made to prevent injuries.

(h) Defendants failed to use reasonable methods to search Plaintiff.

(i) Defendants were otherwise negligent under the circumstances.

15. The defendants, through their employees, servants and agents either had actual notice of the unsafe and dangerous condition and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition.

16. Solely as a result of the negligence of the defendants, plaintiff was caused to suffer various physical and traumatic injuries, including but not limited to, aggravation of pre-existing left knee injury, lumbar disc displacement, right knee injury, lumbar sprain/strain, testicular trauma

with left testicular atrophy.

17. As a direct result of the aforesaid incident, Plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

18. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries and will continue to do so now and into the future.

19. As a direct result of the trip and fall, plaintiff has been prevented from attending to his usual duties and obligations and believes that he may be prevented from so doing in future, as his injuries seem to be permanent in nature.

20. As a further result of the aforesaid accident, Plaintiff, Angelo Decaro, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

21. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

22. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

23. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

24. As a result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Angelo Decaro, demands judgment against Defendant, Transportation Security Administration, demands an award of compensatory damages, costs and attorney fees in an amount in excess of One-Hundred Fifty-Thousand Dollars ($150,000.00), as well as any other relief available under the applicable law that is just.

## COUNT II – ASSAULT AND BATTERY

### Angelo Decaro v. Transportation Security Administration

25. The foregoing paragraphs are incorporated in their entirety as if set forth fully herein.

26. Defendant Transportation Security Administration acted under the color of state law and were state actors at all times relevant to the matters complained of herein.

27. At all times relevant to the matter complained of herein, Defendant Transportation Security Administration acted individually and/or jointly and severally with intent to cause immediate fear of harmful or offensive touching and contact and with intent to cause harmful and/or offensive touching and contact with Plaintiff proximately causing considerable fear, touching, pain and suffering.

28. Solely as a result of the negligence of the defendants, plaintiff was caused to suffer various physical and traumatic injuries, including but not limited to, aggravation of pre-existing left knee injury, lumbar disc displacement, right knee injury, lumbar sprain/strain, testicular trauma with left testicular atrophy.

29. As a direct result of the aforesaid incident, Plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an

indefinite period of time into the future.

30. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries and will continue to do so now and into the future.

31. As a direct result of the trip and fall, plaintiff has been prevented from attending to his usual duties and obligations and believes that he may be prevented from so doing in future, as his injuries seem to be permanent in nature.

32. As a further result of the aforesaid accident, Plaintiff, Angelo Decaro, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

33. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

34. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

35. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

36. As a result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

37.     The actions/inactions of Defendant Transportation Security Administration were intentional, recklessly indifferent, willful, wanton, malicious and outrageous.

38.     Defendant knew that there was a substantial likelihood that the type of search performed on Plaintiff without regard to his current medical conditions and with such aggressive and physical force, was likely to result in injury to Plaintiff.

WHEREFORE, Plaintiff, Angelo Decaro, demands judgment against Defendant, Transportation Security Administration, demands an award of compensatory damages, costs and attorney fees in an amount in excess of One-Hundred Fifty-Thousand Dollars ($150,000.00), as well as any other relief available under the applicable law that is just.

SACCHETTA & FALCONE

By:     /s/Craig A. Falcone, Esquire
            CRAIG A. FALCONE, ESQUIRE
            Attorney for Plaintiff

## VERIFICATION

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_Angelo [signature]_